626 A.2d 519

**Richard HAEFNER, Appellant,**

v.

**James BURKEY; Kevin Burkey; Randy Klivansky; Jerry P. Crump; Edward H. Snyder; Kathleen V. Mumma; and Barbara A. Dommel, Administratrix of the Estate of Thomas G. Dommel, Appellees.**

Supreme Court of Pennsylvania.

Submitted April 6, 1993.

Decided May 28, 1993.

Richard Haefner, pro se.

Robert D. Beyer, Lancaster, for J. and K. Burkey.

George C. Werner, Kristina M. Kurjiaka, Lancaster, for J.P. Crump & Edw. H. Snyder.

Christopher S. Underhill, Lancaster, for (Disinterested).

Stephen W. Cody, Lancaster, for R. Klivansky.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

Appellant Richard Haefner appeals from the order of the Superior Court affirming the grant by the Court of Common Pleas of Lancaster County of preliminary objections in the nature of a demurrer 415 Pa.Super. 662, 601 A.2d 376 (1991). This appeal stems from a malicious prosecution action commenced by appellant in which he contends that appellees James Burkey, Kevin Burkey and Randy Klivansky, who were minors at the time, conspired with appellees Jerry P. Crump and Edward H. Snyder, local law enforcement officials, to charge appellant falsely with morals offenses. Appellant also contends that the appellees harassed him, interfered with his defense, intimidated witnesses and jurors, bribed witnesses and jurors, and committed perjury.

Appellant was arrested and charged with corruption of minors and involuntary deviate sexual intercourse based on

allegations made by appellees Kevin Burkey and Randy Klivansky. Appellant's first trial, which involved the alleged criminal conduct against appellee Kevin Burkey, resulted in a mistrial declared prematurely by the trial judge following the jury's announcement that it could not reach a unanimous verdict after several hours of deliberation. Although the Commonwealth attempted to try appellant again, the Superior Court quashed the indictment because a retrial would have violated appellant's double jeopardy rights. *Commonwealth v. Haefner*, 264 Pa.Super. 144, 399 A.2d 707 (1979). Subsequently, the Commonwealth *nolle prossed* the remaining charges against appellant, which involved the alleged criminal conduct against appellee Randy Klivansky, based on insufficient evidence.

Appellant then commenced the first of two federal civil rights actions alleging unlawful arrest, physical and mental abuse during police custody and prosecution of criminal charges against him without probable cause. Appellant also included pendent state claims for intentional infliction of emotional distress and malicious prosecution. The federal court dismissed the complaint and held that the federal claims were either time barred or failed to state a claim upon which federal relief could be granted. *Haefner v. County of Lancaster*, 520 F.Supp. 131 (E.D.Pa.1981), *aff'd*, 681 F.2d 806 (3d Cir.1982), *cert. denied*, 459 U.S. 874, 103 S.Ct. 165, 74 L.Ed.2d 136 (1982) (*Haefner I*).

Subsequently, appellant brought a second federal action based on essentially the same facts. The court dismissed the federal civil rights claims because *Haefner I* acted as res judicata to bar reconsideration. The court then granted appellant's request to transfer the pendent state claims of intentional infliction of emotional distress and malicious prosecution to the Court of Common Pleas of Lancaster County. *Haefner v. Lancaster County*, 543 F.Supp. 264 (E.D.Pa.1982), *aff'd*, 707 F.2d 1401 (3d Cir.1983) (*Haefner II*).

In the Court of Common Pleas, appellees filed *inter alia* preliminary objections in the nature of a demurrer. The trial court granted the preliminary objections because it found that

the intentional infliction of emotional distress claim was barred by the statute of limitations and because *Haefner I* and *Haefner II* acted as res judicata to bar consideration of the malicious prosecution claim. As a result, the trial court dismissed appellant's complaint.

On appeal, the Superior Court concluded that the intentional infliction of emotional distress claim was indeed time barred. The court also concluded that the federal court did not exercise jurisdiction over appellant's malicious prosecution claim, and therefore, the trial court erred in dismissing appellant's malicious prosecution claim because of res judicata.

The Superior Court, however, affirmed the dismissal of appellant's malicious prosecution claim because it held, *sua sponte*, that appellant failed to establish a right to recovery as a matter of law. The court based its decision on the fact that neither of the initial criminal actions against appellant terminated in a manner consistent with his innocence. This appeal followed.[1]

 In order to subject a person to liability for malicious prosecution, the criminal proceedings must have terminated in favor of the accused. Restatement (Second) of Torts § 658 (1977). Appellant argues that the declaration of a mistrial in the first criminal proceeding against him and the subsequent quashing of the indictment by the Superior Court represents a termination in favor of appellant. We agree.

 The Restatement (Second) of Torts specifically delineates what constitutes termination in favor of the accused:

### § 659. Manner of Termination

Criminal proceedings are terminated in favor of the accused by

(a) a discharge by a magistrate at a preliminary hearing, or

(b) the refusal of a grand jury to indict, or

---

1. On appeal to this Court, appellant does not challenge the Superior Court's determination that his intentional infliction of emotional distress claim was time barred.

(c) the formal abandonment of the proceedings by the public prosecutor, or

(d) the quashing of an indictment or information, or

(e) an acquittal, or

(f) a final order in favor of the accused by a trial or appellate court.

Restatement (Second) of Torts § 659 (emphasis added).

In the case herein, appellant's criminal trial ended in the declaration of a mistrial. When the Commonwealth later attempted to retry appellant, he filed a pretrial motion to quash the indictment. The trial court denied the motion, and appellant appealed to the Superior Court, which granted appellant's motion to quash because a second trial would be violative of his right not to be placed in double jeopardy. *See Commonwealth v. Haefner*, 264 Pa.Super. 144, 399 A.2d 707 (1979). Because appellant's indictment was quashed, the criminal action terminated in favor of appellant pursuant to Restatement (Second) of Torts § 659(d). Therefore, the Superior Court erred in finding that appellant did not establish any right to recovery as a matter of law as to the first criminal action against appellant.

■ We likewise find that the Superior Court erred in finding that the second criminal action against appellant, which ended in the entry of a *nolle pros* by the Commonwealth, did not terminate in favor of appellant. The prosecution formally abandoned the criminal proceedings against appellant when it *nolle prossed* the remaining charges because of insufficient evidence.[2] As such, the proceedings terminated in favor of the appellant pursuant to Restatement (Second) of Torts § 659(c). "[I]f the defendant is discharged after abandonment of the charges by the prosecutor, or the charges are withdrawn by the prosecutor, this is sufficient to satisfy the requisite element of prior favorable termination of the criminal action." *Woodyatt v. Bank of Old York Road*, 408 Pa. 257, 259, 182 A.2d 500, 501 (1962).

2. We note that the charges were never reinstated, and the statute of limitations has since expired.

Accordingly, we reverse the decision of the Superior Court and remand to the Court of Common Pleas for proceedings consistent with this opinion.

MONTEMURO, J., did not participate in the consideration or decision of this case.

CAPPY, J., files a concurring opinion.

CAPPY, Justice, concurring.

I concur only in the result reached by the majority.

I agree with the learned court below that termination of the criminal proceedings in favor of the plaintiff means more than mere termination. "Proceedings are 'terminated in favor of the accused,' [for purposes of a malicious prosecution action], only when their final disposition is such as to indicate the innocence of the accused." Restatement (Second) of Torts § 660 Comment a (1977). *See also Junod v. Bader,* 312 Pa.Super. 92, 458 A.2d 251 (1983). However, contrary to the Superior Court, and consistent with the majority's holding herein, I conclude that where the criminal charges lodged by a private complainant are "nolle prossed" for lack of sufficient evidence or are withdrawn by the private complainants— particularly where the statute of limitations has expired without the charges being reinstated—the termination is consistent with innocence. *Compare Woodyatt v. Bank of Old York Road,* 408 Pa. 257, 182 A.2d 500 (1962) (discharge after abandonment of charges by the prosecutor or charges being withdrawn by the prosecutor, although not a determination of merits, is sufficient to satisfy element of favorable termination of the criminal action).

I disagree, however, with the majority's holding that the proceedings on the other charges against Appellant terminated in his favor. I agree with the Superior Court that discharge of a criminal prosecution as a result of a mistrial is not a termination that is consistent with innocence. *See Singleton v. City of New York,* 632 F.2d 185, 193–194 (2d Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981). I believe that the majority opinion improperly focuses its inqui-

68

ry upon the subsequent quashing of the indictment upon the Commonwealth's attempt to retry Appellant. I also point out that the indictment was quashed on double jeopardy grounds, and not for a reason consistent with Appellant's innocence.

Thus, I am constrained to concur only in the result.