107 F.3d 877
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Fred LOWENSCHUSS, Debtor.
Fred LOWENSCHUSS, Plaintiff-Appellant,
v.
Christopher WHITNEY, Executive Vice President and Legal
Counsel of Resorts International, Inc.; Mitchell
A. Karlan, Esq., Defendants-Appellees.
 No. 96-15556.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 14, 1997.*
Decided March 6, 1997.
 
 1
 Before: BRUNETTI, FERNANDEZ, and HAWKINS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Chapter 11 bankruptcy debtor Fred Lowenschuss appeals the district court's affirmance of the bankruptcy court's dismissal, for failure to state a claim, of his malicious prosecution complaint against Christopher Whitney, Mitchell A. Karlan, and Gibson, Dunn & Crutcher (collectively "Whitney"), all of whom acted on behalf of Resorts International, Inc. Resorts filed proofs of claim in the Lowenschuss bankruptcy in the United States Bankruptcy Court for the District of Nevada. Resorts subsequently withdrew those claims with prejudice on the order of the bankruptcy court.[1] After that withdrawal with prejudice, Lowenschuss commenced the instant action, claiming that Resorts' act of filing the proofs of claim amounted to malicious prosecution. The bankruptcy court dismissed for failure to state a claim, and the district court affirmed that dismissal. We affirm.
 
 
 4
 We have previously held that federal law preempts a bankruptcy debtor's action for malicious prosecution against a creditor. See MSR Exploration, Ltd. v. Meridian Oil, Inc., 74 F.3d 910, 916 (9th Cir.1996); see also Gonzales v. Parks, 830 F.2d 1033, 1035-37 (9th Cir.1987) (state-law abuse of process remedy cannot be used against a person who files a federal bankruptcy petition). As we noted in MSR Exploration, Congress has established several remedies for improper use of bankruptcy procedures. See, e.g., 11 U.S.C. § 105(a) (authority to prevent abuse of process); 11 U.S.C. § 303(i)(2) (authority to assess actual and punitive damages for bad faith filing of bankruptcy petitions); 11 U.S.C. § 362(h) (creating a cause of action for damages resulting from willful violation of a stay); Fed.Bankr.R. 9011(a) (authority to impose sanctions for frivolous or harassing filings). Permitting parties to proceed on a myriad of state law remedies would undermine attempts to achieve uniformity in this area of the law. See MSR Exploration, 74 F.3d at 914-15.
 
 
 5
 The bankruptcy court did not consider the possibility of preemption because we had not yet decided the MSR Exploration case when it rendered its decision. Although the district court rendered its decision after MSR Exploration was filed, the parties had not briefed it and the district court did not refer to it. However, we may affirm on any ground supported by the record. See Schneider v. Vennard (In re Apple Computer Sec. Litig.), 886 F.2d 1109, 1112 (9th Cir.1989). The need for uniformity of remedies that we expressed in MSR Exploration compelled dismissal of Lowenschuss's complaint. We therefore hold that federal law preempts Lowenschuss's state-law claims of malicious prosecution against Resorts.[2]
 
 
 6
 Because Lowenschuss filed his appeal after we decided MSR Exploration, we find that his appeal is frivolous and grant Whitney's motion for sanctions under Federal Rule of Appellate Procedure 38. However, because we do not wish to spawn satellite litigation in this case, see Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990), which has already gone on for too long, we exercise our discretion by awarding Whitney a fixed sum of $500 for all costs and attorneys fees.
 
 
 7
 The judgment of the district court is AFFIRMED. Costs and attorneys fees in the amount of $500 are AWARDED to Whitney and against Lowenschuss.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have subsequently affirmed the district court's reversal of the bankruptcy court's withdrawal order. See Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss ), 67 F.3d 1394, 1400-01 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 2497, 135 L.Ed.2d 189 (1996)
 
 
 [2]
 Incidentally, as the district court determined, Lowenschuss could not maintain a malicious prosecution claim in any event because the action was not, ultimately, terminated in his favor. See, e.g., Dutt v. Kremp, 111 Nev. 567, 571, 894 P.2d 354, 357 (1995); Haefner v. Burkey, 534 Pa. 62, 66, 626 A.2d 519, 521 (1993); Paterson Tallow Co., Inc. v. Royal Globe Ins. Cos., 89 N.J. 24, 30, 444 A.2d 579, 582 (1982)