**Norma Jean FOSHEE, Plaintiff–Appellee,**

v.

**SOUTHERN FINANCE AND THRIFT CORPORATION, Walter Brumit and Horace Brumit, Defendants–Appellants.**

Court of Appeals of Tennessee, Eastern Section.

Aug. 12, 1997.

Application for Permission to Appeal Denied by Supreme Court Feb. 23, 1998.

Steven C. Rose, Kingsport, for Defendants–Appellants Southern Finance and Thrift Corporation and Walter Brumit.

Thomas C. McKee, Johnson City, for Appellant Horace Brumit.

Francis X. Santore, Sr., Francis X. Santore, Jr., Greeneville, for Plaintiff–Appellee.

*OPINION*

GODDARD, Presiding Judge.

The principal—and, in our view, the determinative—issue presented in this Rule 9 Interlocutory appeal is whether a plea of double jeopardy in which the underlying criminal prosecution was dismissed on the ground that the Trial Court erroneously granted a mistrial in the first criminal case is a termination favorable to the Plaintiff.

The Trial Court held that it was and overruled the Defendants' motion for summary judgment, resulting in this appeal.

At the outset, we observe there are procedural defects in the Defendants' attempt to appeal.

First, it does not appear that Defendant Walter Brummit ever moved for a Rule 9 appeal. Second, the motion of the other Defendants, Southern Finance and Thrift Corporation and Horace Brummit was not filed within the 30–day period mandated by Rule 9. However, in the interest of judicial economy, we believe it appropriate to waive all uncomplied with rules as to such appeals and address the merits of this case.

The genesis of the suit giving rise to this appeal was a criminal prosecution (initiated

by presentment returned in April 1991) for embezzlement against the Plaintiff, Norma Jean Foshee, a 28-year employee of Southern Finance and Thrift Corporation. The Corporation was owned by Walter Brummit. In 1985 he purchased 100 percent of the corporate stock from his father, Horace Brummit, who had remained active in the business until 1988 and was instrumental in investigating the matter giving rise to the criminal prosecution and in securing a confession from the Plaintiff which she admits signing, but contends was as a result of duress by Horace Brummit.

During direct examination in the criminal trial, the Plaintiff, in an unresponsive answer to one of her counsel's questions, volunteered the fact that "I even offered to take a lie de...." Her answer was interrupted by an objection by the Assistant Attorney General. The State then moved for a mistrial which the Trial Judge granted. Prior to the commencement of the second trial, the Plaintiff entered a plea of double jeopardy which was overruled by the Trial Court. An interlocutory appeal was perfected to the Court of Criminal Appeals, which found that the granting of the mistrial was error and any prejudice resulting to the State from the Plaintiff's testimony could and should have been remedied by curative instructions. The Court of Criminal Appeals thereupon sustained the plea and dismissed the prosecution. *State v. Foshee*, 1993 WL 481401, an unreported opinion of the Court of Criminal Appeals, filed in Knoxville on November 18, 1993.

Thereafter, a complaint in the present case was filed, advancing the following theories:

1. Civil conspiracy

2. Outrageous conduct

3. Intentional infliction of emotional distress

4. Malicious abuse of process

5. Malicious prosecution

The Trial Court granted summary judgment to all Defendants as to all theories of recovery except that for malicious prosecution.

In response to the malicious prosecution count, the Defendants—as set out in their brief—interposed the following defenses:

1. That there was not a "final and favorable termination" of the criminal action in favor of the Plaintiff as required by law;

2. That the record as a whole established *without contradiction* that none of the Defendants had sufficient control over or involvement in the criminal action to support an action against any of them; (Emphasis in original.)

3. That the record as a whole failed to reflect any proof of malice on the part of any Defendant; and

4. That there was probable cause as a matter of law to support the prosecution of the Plaintiff.

5. ... Defendant, Horace Brumit, further asserted that there was no proof whatsoever of any involvement on his part in the pursuing of the civil action.

The Defendants' appeal, which was granted by the Trial Judge, questions his action in overruling each of the foregoing defenses.

Judge Sanders, in *Bowman v. Breeden,* 1988 WL 136640, an unreported opinion of this Court, filed in Knoxville on December 20, 1988, found that dismissal of a criminal prosecution on payment of costs by the defendant was not a favorable resolution. In the course of his opinion he enunciated the proof necessary to support such a claim and then reviewed Tennessee case law touching on the subject:

The elements to be proved by the Plaintiff in a malicious prosecution case are:

(1) a criminal proceeding has been instituted by the Defendant against the Plaintiff; (2) such *proceeding terminated in favor of the accused;* (3) there was an absence of probable cause for the proceeding; and (4) there was malice or a primary purpose. other than that of bringing an offender to justice.

*See, Landers v. The Kroger Co.,* 539 S.W.2d 130 (Tenn.App.1976), and cases cited therein.

The issue in the case at bar centers around whether or not it can be shown the criminal proceeding against the Plaintiff

terminated in his favor. We hold it cannot.

It is necessary to an action for malicious prosecution that the proceeding giving rise to it terminated in the plaintiff's favor. Otherwise there can be no recovery. While various modes of termination can be construed as favorable to an accused, a cause dismissed pursuant to a compromise and/or settlement is an indecisive termination and, thus, cannot sustain an action for malicious prosecution. *See, Landers, supra; Martin v. Wahl,* 17 Tenn.App. 192, 66 S.W.2d 608 (1933); 52 Am.Jur.2d *Malicious Prosecution,* § 43; Restatement of Torts 2d, § 660.

> [T]he reason for the rule is said to be, either that there is in such cases such an admission of probable cause that the Plaintiff cannot afterwards retract it and try the question which he waived by the settlement, regardless of the validity or invalidity of the compromise, or that the accused, having consented to a termination which leaves open the question of his guilt and possible conviction cannot take advantage of it. *See,* 52 Am.Jur.2d, *supra. See, Martin, supra.*

The only cases we have found directly in point are *Haefner v. Burkey,* 534 Pa. 62, 626 A.2d 519 (1993), and *Smith v. Holtz,* 87 F.3d 108 (3rd Cir.1996), a 3rd Circuit Court of Appeals case purporting to apply the common law and also Pennsylvania law by relying on *Haefner.*

The Supreme Court of Pennsylvania found that the quashing of the indictment as a result of the sustaining of a plea of double jeopardy as to one count, as well as the entry of a *nolle prosequi* as to another, were favorable terminations of the proceedings that would support a case for malicious prosecution.

One of the Justices, however—in a concurring opinion—found that the entry of an order of *nolle prosequi* as to the second count of the indictment in the criminal case was a favorable termination, but that the sustaining of a plea of double jeopardy was not. In doing so, he stated the following:

> I agree with the learned court below that termination of the criminal proceedings in favor of the plaintiff means more than mere termination. "Proceedings are 'terminated in favor of the accused,' [for purposes of a malicious prosecution action], only when their final disposition is such as to indicate the innocence of the accused." Restatement (Second) of Torts § 660 Comment a (1977). *See also Junod v. Bader,* 312 Pa.Super. 92, 458 A.2d 251 (1983). However, contrary to the Superior Court, and consistent with the majority's holding herein, I conclude that where the criminal charges lodged by a private complainant are "nolle prossed" for lack of sufficient evidence or are withdrawn by the private complainants—particularly where the statute of limitations has expired without the charges being reinstated—the termination is consistent with innocence. *Compare Woodyatt v. Bank of Old York Road,* 408 Pa. 257, 182 A.2d 500 (1962) (discharge after abandonment of charges by the prosecutor of charges being withdrawn by the prosecutor, although not a determination of merits, is sufficient to satisfy element of favorable termination of the criminal action).
>
> I disagree, however, with the majority's holding that the proceedings on the other charges against Appellant terminated in his favor. I agree with the Superior Court that discharge of a criminal prosecution as a result of a mistrial is not a termination that is consistent with innocence. *See Singleton v. City of New York,* 632 F.2d 185, 193–194 (2d Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981). I believe that the majority opinion improperly focuses its inquiry upon the subsequent quashing of the indictment upon the Commonwealth's attempt to retry Appellant. I also point out that the indictment was quashed on double jeopardy grounds, and not for a reason consistent with Appellant's innocence.

*Haefner,* at page 521.

The question of favorable termination is also addressed in Prosser on Torts, 5th Ed., page 874, as follows:

> In order to maintain his action for malicious prosecution, the plaintiff must show

not only that the criminal proceeding has terminated, but also that it has terminated in his favor. Consistent with this, it has been said that the termination must not only be favorable to the accused, but must also reflect the merits and not merely a procedural victory. (Footnote omitted.)

Cited by Prosser is the case of *Lackner v. LaCroix*, 25 Cal.3d 747, 159 Cal.Rptr. 693, 602 P.2d 393 (1979), wherein the Supreme Court of California found that a successful plea of the statute of limitations in the criminal prosecution was not a favorable termination. In doing so the Court used the following reasoning (at page 694, 602 P.2d at page 394):

"It is hornbook law that the plaintiff in a malicious prosecution action must plead and prove that the prior judicial proceeding of which he complains terminated in his favor." (*Babb v. Superior Court* (1971) 3 Cal.3d 841, 845, 92 Cal.Rptr. 179, 181, 479 P.2d 379, 381.) We therefore determine whether a successful statute of limitations defense constitutes a favorable termination of an underlying suit so as to support a subsequent action for malicious prosecution.

. . . .

It is not essential to maintenance of an action for malicious prosecution that the prior proceeding was favorably terminated following trial on the merits. However, termination must *reflect* on the merits of the underlying action. (*Minasian v. Sapse, supra,* 80 Cal.App.3d 823, 827, 145 Cal.Rptr. 829.)

. . . .

It is apparent "favorable" termination does not occur merely because a party complained against has prevailed in an underlying action. While the fact he has prevailed is an ingredient of a favorable termination, such termination must further reflect on his innocence of the alleged wrongful conduct. If the termination does not relate to the merits—reflecting on neither innocence of nor responsibility for the alleged misconduct—the termination is not favorable in the sense it would support a subsequent action for malicious prosecution.

Termination of an action by a statute of limitations defense must be deemed a technical or procedural as distinguished from a substantive termination.

We are impressed with the concurring opinion in the Pennsylvania case, the statement in Prosser, and the reasoning of the California case. We accordingly find that under the facts of this case the dismissal of the underlying criminal case against the Plaintiff on the double jeopardy grounds was not a favorable termination which would support a suit for malicious prosecution.

In conclusion, we point out that we have not overlooked affidavits of 10 jurors who sat on the criminal case. They state that in their opinion the State had not carried its burden of proof and that they would have found that the Plaintiff was not guilty. We first observe a plea of double jeopardy does not concern itself with the guilt or innocence, but rather, whether parties' constitutional rights have been violated by placing them in jeopardy a second time. To put it another way—the guilt or innocence is irrelevant. Thus, we conclude the affidavits should not be considered in resolving whether a meritorious double jeopardy plea is a favorable termination. We also observe that the conclusions of the affidavits are suspect because a mistrial was declared during the Plaintiff's direct examination and before she had been subjected to the rigors of cross-examination. Moreover, one of the affidavits states that the jurors were divided 11 to one for acquittal, and while it may be that the 11 would have been able to persuade the one, such an assumption is speculative. Additionally, if unable to persuade the one, a mistrial would have had to be declared which, of course, would not be a termination, much less a termination in favor of the Plaintiff.

In light of our disposition of the double jeopardy issue, it is unnecessary that we address the other issues raised. (See Appendix.)

For the foregoing reasons the judgment of the Trial Court is reversed and the cause dismissed. The case is remanded to the Trial Court for collection of costs below,

which are, as are costs of appeal, adjudged against the Plaintiff.

FRANKS and McMURRAY, JJ., concur.

### APPENDIX

#### HORACE BRUMIT'S

#### STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. Whether the termination of the criminal action was "final and favorable" to the Plaintiff such as would support an action for malicious prosecution.

2. Whether there is a question of fact as to whether the Defendant, Horace Brumit, had sufficient "active involvement" in the civil suit and/or prosecution of the Plaintiff in the criminal action as could give the Plaintiff a basis for action against him as a matter of law. If so, and he in fact had that level of involvement, whether he is entitled to the defense of "advice of counsel" as would preclude a judgment against him as a matter of law.

3. Whether there was probable cause for the prosecution and/or suing of the Plaintiff as a matter of law.

4. Whether there was any proof in the record of malice on the part of the Defendant, Horace Brumit, which would support a judgment against him as a matter of law.

#### SOUTHERN FINANCE AND THRIFT CORPORATION

#### AND WALTER BRUMIT'S

#### STATEMENT OF ISSUES FOR REVIEW

1. On this record, could reasonable minds differ as to whether Appellants had probable cause to believe that Appellee embezzled money from SFTC?

2. Is there evidence in the record sufficient to raise a genuine issue of fact as to whether Appellants had the requisite control over, or active involvement in, the prosecution of Appellee in the criminal action so as to permit an action for malicious prosecution against them?

3. Is there evidence in the record sufficient to raise a genuine issue of fact as to whether Appellants acted with malice in connection with the criminal prosecution brought against Appellee?

4. Does a termination of a criminal action on double jeopardy grounds following a mistrial granted upon motion by the prosecutor constitute a "final and favorable" termination of an underlying proceeding sufficient to support an action for malicious prosecution?