IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 18, 2003 Session

## DORIS CANNON v. PENINSULA HOSPITAL, ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 2-140-02      Harold Wimberly, Judge**

**FILED SEPTEMBER 25, 2003**

**No. E2003-00200-COA-R3-CV**

Criminal proceedings against the Plaintiff involving a controlled substance were dismissed upon the Plaintiffs agreement to pay the costs. She thereupon filed this action for damages for malicious prosecution, which was dismissed on motion for summary judgment because the Plaintiff could not prove a necessary element: that the prosecution was terminated in her favor, because she agreed to pay the costs of the criminal prosecution. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and D. MICHAEL SWINEY, J.J., joined.

J. Mikel Dixon, Knoxville, Tennessee, for appellant, Doris Cannon.

Nicholas D. Bunstine, Knoxville, Tennessee, for appellee, Jackie Davis.

Thomas M. Cole, Knoxville, Tennessee, for appellee, Peninsula Hospital.

## OPINION

It is settled law in this jurisdiction that there are four essential elements in a malicious prosecution case arising from an arrest for an alleged criminal act. These elements are (1) the defendant instituted a criminal prosecution against the plaintiff; (2) the criminal prosecution was terminated in favor of the plaintiff; (3) the defendants lacked probable cause to institute the proceeding, and (4) the defendant acted maliciously or for some reason other than to bring the plaintiff to justice. *Kerney v. Aetna Cas. & Surety Co.*, 648 S.W.2d 247 (Tenn. Ct. App. 1982).

The case at Bar focuses on the requirement that the Plaintiff must prove that the underlying criminal prosecution was terminated in her favor. *See, Kauffman v. A.H. Robins Co.*, 448 S.W.2d 400 (Tenn. 1969); *Swepson v. Davis*, 70 S.W. 65 (Tenn. 1905); *Restatement (Second) of Torts*, 658, 672 (1)(b) 1976). The case was dismissed on motion for summary judgment because the undisputed

evidence revealed that the criminal prosecution was dismissed "on payment of costs by the defendant'" which, according to the trial judge, was not a favorable termination.[1]

The Complaint alleged that criminal charges were instituted against the Plaintiff for acquisition of a controlled substance in violation of Tenn. Code Ann. § 53-11-402 and that the Defendant was responsible for her prosecution of the criminal charge by reason of a report by one of its employees to a Knoxville Police Officer. Plaintiff alleged that the criminal proceedings had been instituted without probable cause and for reasons other than a "good faith belief that Plaintiff was guilty of a crime" and that the criminal proceedings were terminated in her favor. She alleged that she was discharged from her employment by the Defendant as a result of the criminal charge, and sought damages for malicious prosecution.

The Defendant Hospital filed a Motion for Summary Judgment on the ground that the basis for the termination of the underlying criminal charges (dismissed upon payment of costs by the accused, Doris Cannon) would not support a suit for malicious prosecution. Filed in support of the motion was a certified copy of the General Sessions Court record which reflected dismissal on payment of costs.

The Plaintiff filed a Reply to the Motion for Summary Judgment together with her affidavit and the affidavits of Richard A. Cannon and Thomas G. Slaughter, the attorney who had defended Plaintiff in the underlying criminal action.

Richard Cannon testified that he attended court with Doris Cannon, his wife, on the date ". . . her case was agreed to be dismissed" and that in response to Doris Cannon's questions, her attorney, Thomas G. Slaughter, stated that the dismissal and payment of court costs [on the underlying criminal charge] ". . . was not a compromise, a settlement, or a plea bargain, and would not imply or suggest guilt," and "on this basis my wife agreed to the disposition that was ultimately made in this prosecution."

The Plaintiff testified that she appeared in court on several occasions and had been offered a compromise or settlement in the form of a pretrial diversion which she refused to accept because she thought such a disposition implied guilt. She testified "that she was given an offer" that the case would be dismissed if she would pay the court costs and was assured by her defense attorney that this was not a "plea bargain or a settlement," but merely a dismissal on payment of costs. She further testified that "based on Mr. Slaughter's assurances, I agreed to pay the Court costs on the condition that the charges against me would be fully and completely dismissed with no finding or implication of guilt . . . . it was my understanding that the Court was advised that the case was to be dismissed. I later paid the Court costs." She concluded her testimony by stating that her agreement to the disposition of the charges was influenced by the fact that she had missed a great deal of work

---

[1] The complaint also alleged that an individual employee of the Hospital intentionally interfered with employment relationship. Summary judgment did not reach this issue.

because of court appearances, was in a probationary period on a new job, and did not want to ask for additional time off to attend court.

Thomas G. Slaughter testified that the Plaintiff had told him that she wanted to sue the parties responsible for her prosecution and that he "assured Ms. Cannon that merely paying court costs . . . was not a settlement, compromise, or a plea bargain, which would imply or suggest guilt." Ms. Cannon thereupon agreed to pay court costs, the court was so advised, the costs were paid and the case dismissed. There was no allocution of Ms. Cannon.

Prima facie, the disposition of the criminal charge against the Plaintiff on the basis of: "The charge would be dismissed upon payment of costs by the Defendant" is consistent only with a dismissal by consent or agreement of the accused because an innocent criminal defendant cannot be taxed with costs. Tenn. Code Ann. § 40-25-101, et seq. The judgment disposing of the underlying criminal charge, we repeat, reflects a basis for dismissal which is not consistent with a finding of innocence but is only consistent with agreement or consent of the accused.

In *Foshee v. Southern Fin. & Thrift Corp.*, 967 S.W.2d 817 (Tenn. Ct. App. 1997) a malicious prosecution claim based on an underlying criminal charge had been dismissed by reason of being barred by double jeopardy principles and was dismissed because the termination was not favorable.

*Sewell v. Par Cable, Inc., et al.*, 1988 W.L. 112915 (Tenn. Ct. App. 1988) analyzes the issue of the kinds of dispositions which constitute favorable terminations of criminal charges for the purpose of supporting a civil suit for malicious prosecution. We noted:

> Tennessee courts have never fully determined what type of disposition satisfies the favorable termination requirement. Obviously, an acquittal suffices. However, Tennessee courts have also found several dispositions short of an acquittal to be sufficient. [Citations and parenthetical disposition or comments omitted].
>
> Based on their facts, these cases have three common elements. First, each disposition goes to the merits of the charge; second, each disposition prevents the criminal charge from being revived without the institution of new proceedings; and **third, each disposition indicates that the Defendant was innocent of the charges.** (Emphasis supplied).

Appellant argues the *Sewell* recognizes that a malicious prosecution plaintiff has the right to present evidence as to the reasons she agreed to pay the costs associated with the criminal action. In essence, these reasons centered on her dissatisfaction with the inconveniences involved superimposed upon her attorney's advice that the payment of costs did not reflect adversely on her asserted innocence. But her subjective reasons for agreeing to pay - and paying - these criminal

costs, and the advice of her attorney, are immaterial to a resolution of the legal issue of whether the termination of the prosecution was favorable in the sense that it would support an action for malicious prosecution. A dismissal upon payment of costs is a common disposition of legions of cases for legions of reasons, revealed and unrevealed, and is an indecisive termination which cannot support an action for damages for malicious prosecution. *See, **Martin v. Wahl**,* 66 S.W.2d 608 (Tenn. 1933); 52 Am. Jur. 2D *Malicious Prosecution* § 43*, Restatement of Torts, Second,* § 660.

The judgment is affirmed at the costs of the Appellant.

_____
WILLIAM H. INMAN, SENIOR JUDGE