

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-20-2004

# Steele v. Erie

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3353

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Steele v. Erie" (2004). *2004 Decisions.* Paper 206.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/206

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 03-3353
_____

THOMAS STEELE

<u>Appellant</u>

v.

THE CITY OF ERIE; EDWARD J. SPAGEL, JR, CORPORAL; JOHN DOE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 01-cv-00338)
District Judge: Hon. Sean J. McLaughlin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 8, 2004

BEFORE: SLOVITER, VAN ANTWERPEN and COWEN, <u>Circuit Judges</u>

(Filed : October 20, 2004)
_____

OPINION
_____

VAN ANTWERPEN, <u>Circuit Judge</u>

Thomas Steele (hereinafter "Appellant") brought suit against the City of Erie and

investigating officer Corporal Edward Spagel, Jr. under 42 U.S.C. §1983. He alleged

four causes of action: (1) arrest without probable cause; (2) general failure of the City of

Erie to properly train, supervise and discipline its officers; (3) various state tort claims stemming from his arrest; and (4) failure of Corporal Spagel's supervisors to appropriately supervise, control and discipline him (a John Doe claim). The District Court granted summary judgment in favor of Erie and Corporal Spagel. Appellant now argues only two issues on appeal: that the District Court erred in granting summary judgment when it found, as a matter of law, that probable cause existed to arrest him; and that the District Court erred in granting summary judgment when it found that Appellant's plea to two summary offenses precluded his §1983 claim arising from any alleged malicious prosecution. We now affirm the District Court's rulings as to both these points.

## I. Factual and Procedural History

We shall briefly review the essential facts of this case. Sometime after 1:00 a.m. on October 9, 1999, two pedestrians were injured in a hit-and-run accident at the intersection of West 26th Street and Cherry Street in Erie, Pennsylvania. Corporal Spagel was assigned as the primary investigator of this accident.

Soon after the accident, the victims of the hit-and-run stated that they were hit by an eastbound white car they identified as possibly a Grand Am. A black, driver's side rear view mirror was found at the scene.[1] Spagel soon after learned that a woman, tentatively identified by a tavern patron only as "Lisa," had stopped at the nearby Dairy

---

[1] This driver's side rear view mirror was later determined to have come from either a Chevrolet Cavalier or a Pontiac Sunbird, model years 1988 to 1994.

Mart two hours after the accident and had inquired about the accident and the victims. The Dairy Mart clerk noticed the woman drove a white car with some damage to the front. Corporal Spagel was unable to discover any further information pertaining to "Lisa."

On November 11, 1999, Corporal Spagel learned from a Wesleyville Police officer that Appellant had had his driver's side rear view mirror replaced on his 1989 Chevrolet Cavalier. Corporal Spagel contacted Appellant, who denied hitting anyone but did acknowledge his presence in the vicinity of 26th Street and Cherry Street at the approximate time of the accident.[2] Appellant stated he believed the mirror had been knocked off the night of the accident by another pedestrian while Appellant had been driving home. Corporal Spagel also noticed other damage to the front end of Appellant's car during the conversation, which Appellant attributed to a deer strike occurring the same day as the accident.

After reviewing his investigation findings, Corporal Spagel completed an affidavit of probable cause and sought an arrest warrant for Appellant. Nowhere in this affidavit did Corporal Spagel mention "Lisa" or that Appellant had stated he was traveling in a westerly direction the evening of the accident. The warrant was issued, and Appellant was arrested. Appellant was charged with seven violations of the Pennsylvania Motor

---

[2] Appellant represented to Corporal Spagel that he had driven *westbound* that evening.

3

Vehicle Code, and pleaded no contest to two summary offenses.[3]

On or about October 15, 2001, Appellant filed this suit in federal District Court for the Western District of Pennsylvania, alleging his four causes of action. On the recommendation of a Magistrate Judge, the District Court granted Appellees' motion for summary judgment as to all claims.

## II. Standard of Review

The District Court had jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1343(a)(3) & (a)(4) and 42 U.S.C. §1983. We now exercise jurisdiction over this appeal of a final district court order under 28 U.S.C. §1291. This Court's review of the District Court's summary judgment order in favor of Appellees is plenary. See Torres v. McLaughlin, 163 F.3d 169, 170 (3d. Cir. 1998).

## III. Discussion

### Probable Cause to Arrest Appellant

We first resolve Appellant's claim that no probable cause existed to justify the issuance of an arrest warrant.

Appellant here claims that the District Court erred in granting summary judgment as a matter of law with regard to his §1983 claims. While generally "the question of

---

[3] The Commonwealth *nolle prosequied* the remaining five charges.

probable cause in a §1983 damage suit is one for the jury," <u>Montgomery v. De Simone</u>, 159 F.3d 120, 124 (3d. Cir. 1998), a district court may conclude, as a matter of law, that the evidence, when viewed in the light most favorable to the plaintiff, reasonably would support a finding of probable cause, and may enter summary judgment accordingly. <u>See</u> <u>Sherwood v. Mulvihill</u>, 133 F.3d 396, 401 (3d. Cir. 1997).

It is well-established that probable cause exists where "facts and circumstances [are] sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." <u>Sharrar v. Felsing</u>, 128 F.3d 810, 818 (3d. Cir. 1997). As we have stated before, in order to succeed in challenging a warrant for want of probable cause, a litigant in Appellant's position must prove that a warrant was obtained by "knowingly and deliberately, or with a reckless regard for the truth, mak[ing] false statements or omissions that create[d] a falsehood" and that "such statements or omissions are material...to a finding of probable cause." <u>Wilson v. Russo</u>, 212 F.3d 781, 787 (3d. Cir. 2000). Appellant does not meet this standard.

After reviewing the record and scrutinizing Corporal Spagel's affidavit of probable cause, we are satisfied that, as a matter of law, probable cause existed at the time he petitioned for the arrest warrant. At the time Corporal Spagel sought the warrant, he had a suspect who (1) admitted to being in the vicinity of the accident at the approximate time the accident occurred, (2) drove a car of similar make and color as that identified by the victims, and (3) whose car was damaged in a manner consistent with the damage incurred

5

in striking a pedestrian.[4]  Such evidence persuades us that the District Court was correct to find that a prudent police officer in Corporal Spagel's position would conclude that there was probable cause to arrest Appellant, the only suspect under investigation at the time.[5]

Appellant makes much of the facts omitted by Corporal Spagel (namely any reference to "Lisa" or Appellant's claimed westwardly travel direction), and summarily concludes that this evidence is sufficiently exculpatory to counsel against a finding of probable cause.  While this evidence may have proved useful in establishing a juror's reasonable doubt at trial, it is not of such quantum as to amount to a material omission on the part of Corporal Spagel.  Nothing in our jurisprudence requires a police officer seeking an arrest warrant to present every scintilla of information acquired during an investigation to satisfy the standard for a finding of probable cause, as long as his submission is made in objectively good faith.   Finally, Appellant has not presented any evidence demonstrating that, had Corporal Spagel listed every bit of information concerning his investigation, probable cause would have dissolved.

Therefore, it is clear to us that, as a matter of law, probable cause to arrest the Appellant existed, and the District Court properly granted summary judgment.

---

[4] This damage included not only damage to the automobile's body, but also the driver's side rear view mirror which was left at the scene of the accident.

[5] Apparently, Corporal Spagel found no further evidence tying the phantom "Lisa" to the accident.  When asked at deposition, Corporal Spagel considered her to be a "person of interest," not a suspect.

### *Nolo Contendere* **Plea Barring Recovery Under §1983**

Since it has been determined that probable cause existed at the time the warrant was issued, no §1983 action lies. See Montgomery v. De Simone, 159 F.3d at 124 (holding that, in order to prevail in a §1983 malicious prosecution claim, absence of probable cause for initiation of proceedings must be shown). Nevertheless, we will turn briefly to Appellant's assertion that the District Court incorrectly found that his plea of *nolo contendere* to two summary offenses barred recovery under §1983.

In Hector v. Watt, 235 F.3d 154 (3d. Cir. 2000), we held that a plaintiff claiming malicious prosecution must prove *actual* innocence as an element of his *prima facie* case. See Id. at 156. When, as here, a prosecutor seeks a grant of *nolle prosequi* for charges as part of a compromise, dismissal of those charges is not an indication of actual innocence. See Hilfirty v. Shipman, 91 F.3d 573, 580 (3d. Cir. 1996), citing Restatement (Second) of Torts, §660, cmt. c. Appellant's own testimony, given at his September 10, 2002 deposition, indicates to us that the Commonwealth's willingness to *nolle prosequi* five of the seven counts brought against him was the result of a plea bargain, not a fatal defect in the Commonwealth's case against him. Cf. Haefner v. Burkey, 626 A.2d. 519, 521 (1993) (*nolle prosequi* of charges because of insufficient evidence). It is unclear to us how exactly Appellant can claim he "was successful in his challenge to the charges that he was involved in a hit-and-run accident," at least to the degree required to successfully

bring a malicious prosecution claim.  Without more, the revelation that a plea agreement has been reached does not demonstrate the actual innocence that is required under Hector.

Therefore, we believe that the District Court properly interpreted Hilfirty and Haefner, and that it arrived at the conclusion demanded by our holding in Hector.

We affirm the judgment of the District Court below.