**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-4405

GLENDA ANDERSON; VICKI ANDERSON

v.

RYAN MESURE; RICHARD LACADRE; WARREN CORNELIUS

Vicki Anderson,
Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court  No. 4-08-cv-00121)
District Judge: The Honorable John E. Jones, III

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 17, 2010

Before: SLOVITER, BARRY, and SMITH, *Circuit Judges*

(Filed: September 20, 2010)

OPINION

SMITH, *Circuit Judge.*

Vicki Anderson and her sister, Glenda Anderson, were issued citations charging

them with retail theft and conspiracy to commit retail theft in violation of 18 Pa. Cons.

Stat. §§ 3929 and 903.  A Pennsylvania magistrate bound the matter over for trial.  At the

conclusion of a non-jury trial in the Cumberland County Court of Common Pleas, the trial judge declared that the Commonwealth had failed to prove the charges beyond a reasonable doubt and found both sisters not guilty. Thereafter, the Andersons filed a civil rights action in the United States District Court for the Middle District of Pennsylvania, alleging federal and state malicious prosecution claims against the store's loss prevention officers, Ryan Mesure and Richard Lacadre, and the prosecuting officer, Warren Cornelius of the Camp Hill Police Department. The defendants filed motions for summary judgment. The District Court granted the motions, concluding, *inter alia*, that the criminal proceedings were initiated with probable cause. Vicki Anderson appealed.[1]

In *McKenna v. City of Philadelphia*, 582 F.3d 447 (3d Cir. 2009), we observed that

> [t]o prevail on a malicious prosecution claim under section 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Id.* at 461 (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). A claim for malicious prosecution under Pennsylvania law requires proof of the first four elements of the federal malicious prosecution claim. *Haefner v. Burkey*, 626 A.2d 519, 521 (Pa. 1993). Probable cause exists if at the time of the issuance of the citations, "the facts and

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. Appellate jurisdiction exists under 28 U.S.C. § 1291. We review a grant of summary judgment *de novo*. *Estate of Smith v. Marasco*, 318 F.3d 497, 505 (3d Cir. 2003).

2

circumstances within [the Officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing" a crime had been committed. *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964).

The record before us establishes that Mesure and Lacadre provided Officer Cornelius with written statements about their observations and actions on July 4, 2006. In addition, Officer Cornelius viewed the video surveillance tapes from that day. The written statements indicated that Mesure recognized the sisters on July 4 from surveillance he had conducted a month earlier in June, when he believed, but concluded he could not prove, they had stolen an item. Mesure noted that he and Lacadre observed the sisters meet at the jewelry counter, where Vicki pointed to a bracelet, which Glenda picked up and held in her hand. Mesure also noted that Glenda did not return the bracelet to the counter. The sisters proceeded to walk to the men's department, where they shielded themselves among the racks of clothing. At this point, Mesure went to the shopping floor. Meanwhile, Lacadre observed Glenda paying for another item at a cash register. Mesure then waited outside the store to apprehend the sisters, but they appeared to spot him, turned around, and departed in different directions before they could be apprehended. Although Mesure looked for the bracelet in the areas of the store where he had seen the sisters, he was unable to locate it. Based on these facts, as well as the video surveillance tapes, Officer Cornelius had probable cause to support the citations issued to Vicki and Glenda Anderson.

Accordingly, we conclude that the District Court did not err in granting summary judgment. We will affirm the judgment of the District Court.

3