NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1849
_____

RALPH DIFRONZO,
                    Appellant
v.

JOHN J. CHIOVERO
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 08-4590)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
December 16, 2010
_____

Before: SLOVITER, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Opinion Filed: January 12, 2011)

_____

OPINION
_____

GREENAWAY, JR., Circuit Judge

Appellant Ralph DiFronzo ("DiFronzo") seeks review of the District Court's

decision granting summary judgment on the malicious prosecution claim in favor of John

1

Chiovero ("Chiovero") and of the District Court's dismissal of the claim for intentional interference with a contractual relationship based on the statute of limitations. For the reasons set forth below, we will affirm the District Court's decisions.

## I. Background

We write solely for the benefit of the parties and recount only the essential facts.

On September 19, 2008, DiFronzo filed a complaint against his former brother-in-law, retired Commons Pleas Judge Chiovero, and others, raising a variety of issues related to the termination of DiFronzo's employment with the Court of Common Pleas.[1] In response to multiple motions to dismiss, DiFronzo filed two amended complaints. Chiovero sought to dismiss parts of the Second Amended Complaint. The District Court heard oral argument on this motion on April 1, 2009, and that same day issued an order dismissing the conspiracy count and the intentional interference with a contractual relationship count. Relevant to the issues currently before us, the District Court, sua sponte, dismissed the intentional interference with a contractual relationship count because DiFronzo had not filed his complaint within the applicable two year statute of limitations.

Following the District Court's disposition of the various motions to dismiss, only one count remained — the malicious prosecution claim. After discovery, Chiovero filed

---

[1] Following his termination, criminal charges were brought against DiFronzo based on his alleged wrongdoing during his employment. Ultimately, the prosecutor filed a motion seeking to nolle prosequi the charges, and the Court of Common Pleas granted this motion. (App. 164a.)

a motion for summary judgment, which the District Court granted. The District Court concluded that DiFronzo failed to demonstrate that the underlying criminal proceeding was terminated in his favor, an essential element of a malicious prosecution claim.

DiFronzo sought reconsideration of this decision. After the District Court denied the motion for reconsideration, DiFronzo filed the present appeal.

## II. Jurisdiction

The District Court had jurisdiction, pursuant to 28 U.S.C. § 1332. We have jurisdiction, pursuant to 28 U.S.C. § 1291.

## III. Standard of Review

"'Our standard of review applicable to an order granting summary judgment is plenary.'" Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009) (quoting Nasir v. Morgan, 350 F.3d 366, 368 (3d Cir. 2003)). "We may affirm the order when the moving party is entitled to judgment as a matter of law, with the facts viewed in the light most favorable to the non-moving party. Further, '[w]e may affirm the District Court on any grounds supported by the record.'" Id. (quoting Nicini v. Morra, 212 F.3d 798, 805-06 (3d Cir. 2000) (en banc)).

We exercise plenary review over a district court's grant of a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. Grief v. Klem, 591 F.3d 672, 676 (3d Cir. 2010).

"In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all

3

inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment. In re Burlington Coat Factory Sec. Litig., 113 F.3d 1410, 1426 (3d Cir. 1997) (citation and internal quotation marks omitted).

## IV. Analysis

### A. Statute of limitations

DiFronzo raises two arguments regarding the dismissal of the intentional interference with a contractual relationship count based on the untimely filing of the complaint. First, he argues that the District Court should not have considered the statute of limitations since "Chiovero did not request dismissal because of any insufficiency in the pleading of the Count for intentional interference."[2] (Appellant's Br. 22.) Second,

---

[2] While DiFronzo provides a detailed discussion as to the sufficiency of his pleading a claim of intentional interference with a contractual relationship, this discussion is not relevant to the District Court's decision regarding the statute of limitations.

4

DiFronzo argues that the District Court misapplied the "discovery rule"[3] in connection with Chiovero's actions regarding the termination of DiFronzo's employment. (Id.)

The parties agree that the applicable statute of limitations is two years. We conclude that the District Court correctly found that DiFronzo discovered Chiovero's involvement in his termination in August 2006.[4] During oral argument, the judge asked counsel for DiFronzo "When did Mr. DiFronzo learn of Mr. Chiovero's action to get him fired?" (App. 212a.) After taking a moment to review the arrest warrant, counsel responded that "There is some knowledge that comes up in the arrest warrant." (Id.) The arrest warrant was served on DiFronzo on August 30, 2008. (App. 213a.) By counsel's own admission, DiFronzo became aware of Chiovero's involvement in his termination on August 30, 2008, at the latest.

Since DiFronzo's complaint was not filed until September 19, 2008, it was filed more than two years from the date DiFronzo learned of Chiovero's involvement in his

_____

[3] "Under the Pennsylvania discovery rule, the statute of limitations begins to run when the complaining party 'knows, or reasonably should know (1) that he has been injured, and (2) that his injury has been caused by another party's conduct. A plaintiff need not know the exact medical cause of the injury, that his injury is due to another's negligent conduct or that he has a cause of action. The 'polestar' of the discovery rule is not the plaintiff's actual knowledge, but rather 'whether the knowledge was known, or through the exercise of diligence, knowable to [the] plaintiff.'" Miller v. Philadelphia Geriatric Center, 463 F.3d 266, 276 (3d Cir. 2006) (quoting Bohus v. Beloff, 950 F.2d 919, 924 (3d Cir. 1991)).

[4] Although the District Court found that DiFronzo's counsel admitted that DiFronzo learned of Chiovero's involvement in his termination on August 11, 2006 (the date of the arrest warrant), counsel in fact admitted that DiFronzo did not learn of this information until he was served with the arrest warrant on August 30, 2006. (App. 212-13.)

termination.  The complaint is untimely.  We will affirm the District Court's decision.

B.  Malicious prosecution

"To prove malicious prosecution under [§ ] 1983, a plaintiff must show that:

(1)     the defendants initiated a criminal proceeding;

(2)     the criminal proceeding ended in plaintiff's favor;

(3)     the proceeding was initiated without probable cause;

(4)     the defendants acted maliciously or for a purpose other than bringing the
        plaintiff to justice; and

(5)     the plaintiff suffered deprivation of liberty consistent with the concept of

seizure as a consequence of a legal proceeding." Estate of Smith v. Marasco, 318 F.3d

497, 521 (3d Cir. 2003);  see also Kossler, 564 F.3d at 186.  "The first four elements are

the same under Pennsylvania law." Kossler, 564 F.3d at 186 n.2.

Only the second element — favorable termination — is at issue here.  The District

Court concluded that DiFronzo had not demonstrated the criminal proceedings had

terminated in his favor.[5]  The District Court noted that the prosecutor had terminated

DiFronzo's case by filing a motion for nolle prosequi, but this motion failed to

demonstrate DiFronzo's innocence.

DiFronzo contests the District Court's conclusion, arguing that a nolle prosequi is,

---

[5]  The District Court assumed, without deciding, that DiFronzo would have been able to
satisfy the remaining elements required to prove a malicious prosecution claim.  (App.
9a.)  Neither party questions that assumption; nor do we for purposes of our review.

in fact, a favorable termination of the proceedings, [6] since it constitutes the formal abandonment of the proceedings by the prosecutor.[7]

This Court has noted that while "a grant of nolle prosequi can be sufficient to satisfy the favorable termination requirement for malicious prosecution, not all cases where the prosecutor abandons criminal charges are considered to have terminated favorably." Hilfirty v. Shipman, 91 F.3d 573, 579-580 (3d Cir. 1996). "A nol pros signifies termination of charges in favor of the accused 'only when their final disposition is such as to indicate the innocence of the accused.'" Donahue, 280 F.3d 371, 383 (3d Cir. 2002) (quoting RESTATEMENT (SECOND) OF TORTS: INDECISIVE TERMINATION OF PROCEEDINGS § 660, cmt. a). "Accordingly, in Hector v. Watt, 235 F.3d 154, 156 (3d Cir. 2000), we stated that a § 1983 malicious prosecution plaintiff 'must be innocent of

---

[6] As this Court has observed, "Section 659 of the Restatement (Second) Of Torts (1976) provides: '[c]riminal proceedings are terminated in favor of the accused by
(a) a discharge by a magistrate at a preliminary hearing, or
(b) the refusal of a grand jury to indict, or
(c) the formal abandonment of the proceedings by the public prosecutor, or
(d) the quashing of an indictment or information, or
(e) an acquittal, or
(f) a final order in favor of the accused by a trial or appellate court.'" Donahue v. Gavin, 280 F.3d 371, 383 (3d Cir. 2002). The Pennsylvania Supreme Court adopted § 659 in Haefner v. Burkey, 626 A.2d 519, 521 (Pa. 1993).

[7] "The usual method by which a public prosecutor signifies the formal abandonment of criminal proceedings is by the entry of a nolle prosequi, either with or without the leave of the court as the criminal procedure of the jurisdiction in question provides." RESTATEMENT (SECOND) OF TORTS: MANNER OF TERMINATION § 659, com. c, illus. e (1977).

the crime charged in the underlying prosecution.'" Id. [8]

Applying this precedent, we conclude, as did the District Court, that the criminal charges filed against DiFronzo were not terminated in his favor. The order granting the motion seeking nolle prosequi does not indicate DiFronzo's innocence. In fact, the order,[9] nor any other matter in the record, says nothing as to why the motion[10] was filed or granted. Lacking any information indicating "the innocence of the accused," DiFronzo is unable to demonstrate that the proceedings terminated in his favor. Therefore, DiFronzo has failed to satisfy the second element required to support a claim of malicious prosecution. Thus, we will affirm the District Court's ruling on the malicious prosecution claim.

## V. Conclusion

For the reasons set forth above, we will affirm the decision of the District Court.

---

[8] In Hector v. Watt, the plaintiff sought monetary damages for costs associated with a criminal prosecution that was dismissed after the plaintiff successfully moved to suppress evidence. This Court observed that plaintiff's case placed him "on the horns of a dilemma," requiring him to decide between having his case treated as one for false arrest or one for malicious prosecution. Hector, 235 F.3d at 156. This Court noted the difficulties facing plaintiff in each scenario — "false arrest does not permit damages incurred after an indictment ," while malicious prosecution requires that the plaintiff "must be innocent of the crime charged in the underlying prosecution." Id.

[9] The order, in its entirety, states "AND NOW, this 28th day of NOVEMBER, 2007, upon the request of Assistant District Attorney Andrew S. Gibson, the Commonwealth's motion for *nolle prosequi* is hereby GRANTED as to all charges in the above-named case." (App. 164a.)

[10] The motion seeking to nolle prosequi the criminal complaint was not submitted as part of the record before us.