Woodyatt, Appellant, *v.* Bank of Old York Road.

Argued April 25, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

258

*Oscar Spivack,* with him *Raymond L. Shapiro, Ronald H. Israelit,* and *Wexler, Mulder & Weisman,* for appellant.

*James P. Geoghegan,* with him *Benjamin R. Shanken,* and *Geoghegan & Ozorowski,* for appellee.

OPINION BY MR. JUSTICE EAGEN, June 28, 1962:

This is an action for malicious prosecution wherein the court below sustained preliminary objections to the complaint in the nature of a demurrer. Plaintiff appeals.

For the purposes of this appeal, all facts well pleaded in the complaint must be accepted as true: *Savitz v. Weinstein,* 395 Pa. 173, 149 A. 2d 110 (1959), and *Robinson v. Phila.,* 400 Pa. 80, 161 A. 2d 1 (1960).

The complaint alleged that on April 10, 1960, the defendant-bank signed and swore to an information before a justice of the peace charging the plaintiff with having stolen or fraudulently converted monies of the defendant; that a warrant for plaintiff's arrest issued and she was taken into custody and detained on April 21, 1960; that she gained her release on bail on April 28, 1960; that at the instigation of and acting on instructions of the defendant, the justice of the peace refused and failed to file a transcript of the arrest in the proper office as required by law; that on August 28, 1960, the defendant caused another individual to be arrested upon the same charges and for the same alleged

crimes; that subsequently the defendant withdrew the charges against the plaintiff before the justice of the peace; that the plaintiff was not guilty of the crimes for which she was arrested; and, that the arrest was maliciously instigated without probable cause.

These facts stated a cause of action and the lower court clearly erred in ruling otherwise.

In actions for malicious prosecution, the rule is established beyond argument that one of the prerequisites to such an action is that the criminal prosecution upon which it is based must be terminated favorably to the party seeking damages: *Beadle v. Friel,* 320 Pa. 560, 183 A. 761 (1936); *Smoker v. Ohl,* 335 Pa. 270, 6 A. 2d 810 (1939); and, *Sicola v. First Nat. Bk. of Altoona,* 404 Pa. 18, 170 A. 2d 584 (1961). This does not mean that the prosecution must necessarily be favorably terminated on the merits: *Scheide v. Home Credit Co.,* 107 Pa. Superior Ct. 204, 162 A. 321 (1932). Moreover, if the defendant is discharged after abandonment of the charges by the prosecutor, or the charges are withdrawn by the prosecutor, this is sufficient to satisfy the requisite element of prior favorable termination of the criminal action. See, *Arye v. Dickstein,* 337 Pa. 471, 12 A. 2d 19 (1940); *Curley v. Automobile Finance Co.,* 343 Pa. 280, 23 A. 2d 48 (1941); Restatement, Torts, §660. Any other rule would lead to absurd and unjust consequences and permit the reckless arrest of decent citizens by irresponsible complainants without providing any reasonable redress.

In this case, it is alleged that the defendant-prosecutor withdrew the criminal charges; also, that it influenced and instructed the justice of the peace not to file the transcript and, as a result, this official failed and refused to do so in violation of the law and his own sworn duty. More than twenty-five months have transpired since the arrest was instituted. It is now legally impossible to proceed with the prosecution be-

cause such action is barred by the statute of limitations. These facts amply satisfy the requirements of favorable termination.

Order reversed with a procedendo.