## Morrison v. Duddy

*William H. Mitman, Jr.,* for plaintiffs.
*Donald E. Wydrzynski,* for defendants.

SURRICK, *J.,* February 5, 1979—The above-captioned matter is presently before this court on defendant Teresa Duddy's motion for judgment n.o.v.

On December 27, 1976, a complaint was filed by John and Brigid Morrison against Michael and Teresa Duddy seeking both compensatory and punitive damages for malicious prosecution. Defendants filed an answer to plaintiffs' complaint containing a counterclaim for both compensatory and punitive damages for assault and battery by John Morrison upon Teresa Duddy and by Brigid Morrison upon Sally Duddy, daughter of defendants. This complaint and counterclaim was the culmination of a long history of discord and dispute between the Morrison and Duddy families who were next door neighbors in Radnor Township, Delaware County, Pa.

The matter was tried by judge and jury on March 15-16, 1978, and, after the court directed a verdict in favor of defendant Michael Duddy and refused such a motion on behalf of Teresa Duddy, the jury returned a verdict in favor of John Morrison against Teresa Duddy in the amount of $1,000 and in favor of Brigid Morrison against Teresa Duddy in the amount of $1. The jury also found in favor of John and Brigid Morrison on the counterclaim.*

Originally, counsel for Teresa Duddy filed a motion for judgment n.o.v. as to each of the aforesaid verdicts; however, Teresa Duddy has chosen to withdraw the motion as it relates to Brigid Morrison and proceed only on the motion as it applies to John Morrison. This motion for judgment n.o.v. in the matter of John Morrison v. Teresa Duddy is now before the court for disposition.

This malicious prosecution claim had its genesis in two criminal complaints filed by Teresa Duddy against John Morrison, one on July 29, 1975, and the other on August 15, 1975. Both of these complaints were filed with district justice of the peace, Todd Miller, of Radnor Township, Delaware County, Pa. The complaint filed on July 29, 1975, alleged that John Morrison had violated section 2701 of the Crimes Code of December 6, 1972, P.L. 1482, 18 Pa.C.S.A. §2701, dealing with simple assault, and section 2706 of the Crimes Code, 18 Pa.C.S.A. §2706, dealing with terroristic threats.

_____

*Although the counterclaim included a claim for damages for the incidents which were alleged in the criminal complaint filed on July 29, 1975, it did not include a claim for damages for the incidents alleged in the August 15, 1975, criminal complaint. Thus, the final determination of the counterclaim by the jury in favor of John Morrison cannot be treated as a termination favorable to the accused.

After a preliminary hearing before District Justice Miller, the simple assault charge was dismissed and John Morrison was bound over for action by the grand jury in and for the County of Delaware on the charge of terroristic threats.

The complaint filed on August 15, 1975, alleged that John Morrison had violated sections 2701 of the Crimes Code, dealing with simple assault, §2702, dealing with aggravated assault, §2706, dealing with terroristic threats, §2709, dealing with harassment, and §3304, dealing with criminal mischief. After preliminary hearing, District Justice Miller held John Morrison for court on the aforesaid charges. The grand jury in and for the County of Delaware returned true bills of indictments against Mr. Morrison on the charges presented to it as contained in both criminal complaints. With regard to the disposition of these matters by the Court of Common Pleas of Delaware County, the parties have stipulated as follows:

"1. That on February 10, 1976, the case of Commonwealth v. John Morrison was presented before the Honorable William R. Toal, Jr. of the Court of Common Pleas of Delaware County, charging the defendant, John Morrison, with violation of Sections 2701, 2702, 2706, 2709 and 3304 of the Pennsylvania Crimes Code.

2. That no testimony was presented on this matter by either the Commonwealth or the defense.

3. That the Honorable William R. Toal, Jr. dismissed the proceedings in Commonwealth v. John Morrison under the de minimis provision of the Pennsylvania Rules of Criminal Procedure, without presentation of testimony or argument by counsel for the Commonwealth or the defendant."

As a result of the action taken by Judge Toal on February 10, 1976, this malicious prosecution action was filed.

The only issue to be determined by this court is whether or not the action taken by Judge Toal on February 10, 1976, in dismissing the charges against John Morrison under the de minimis provisions of the Crimes Code constitutes a termination of these charges in favor of John Morrison as required in a claim for malicious prosecution. We think it does not.

The burden of proof in an action for malicious prosecution, as in all civil actions, rests upon plaintiff. Plaintiffs have the burden of proving their case, and every material part thereof, by a fair preponderence or by the weight of the evidence. The elements of a malicious prosecution action which plaintiff must prove are: (1) that defendant initiated criminal proceedings against plaintiff, (2) that defendant did so without probable cause for instituting those proceedings, (3) that defendant acted with malice in bringing those proceedings and (4) that the criminal proceedings brought by defendant were terminated in favor of plaintiff: Sicola v. First National Bank of Altoona, 404 Pa. 18, 170 A. 2d 584 (1961); Woodyatt v. Bank of Old York Road, 408 Pa. 257, 182 A. 2d 500 (1962); Restatement, 2d, Torts, §653. The determination of whether or not the criminal proceedings were terminated favorably to plaintiff is for the judge, not the jury: Miller v. Pa. Railroad Company, 371 Pa. 308, 89 A. 2d 809 (1952); Restatement, 2d, Torts, §673. Counsel for defendants does not dispute the fact that plaintiffs have carried their burden with regard to elements (1), (2) and (3). This dispute

arises with regard to element (4) and the manner in which these criminal proceedings were terminated.

In determining whether or not a criminal proceeding has terminated in favor of an accused, our courts have held as follows. In the event that an accused is discharged at a preliminary hearing, a grand jury refuses to indict, the proceedings are formally abandoned by the public prosecutor, there is a quashing of indictment or information, or there is an acquittal or final order in favor of the accused by a trial or appellate court, then the criminal proceedings are deemed to have been terminated favorably to the accused as contemplated in actions for malicious prosecution: Woodyatt v. Bank of Old York Road, supra; Simpson v. Montgomery Ward & Company, 165 Pa. Superior Ct. 408, 68 A. 2d 442 (1949); Restatement, 2d, Torts, §659. The common thread running through each of these examples is that each is consistent with and indicative of the innocence of the accused. This is also the standard enunciated in the Restatement, 2d, Torts, §660, comment A.

On the other hand, our courts have indicated that a termination of criminal proceedings is not favorable if a termination is brought about by a withdrawal of the prosecution pursuant to an agreement or compromise with the accused, because of the suppression of evidence by the accused, because the accused has requested or accepted mercy by the prosecutor or if a new proceeding for the same offense has been properly instituted and has not been terminated favorably to the accused: Woodyatt, supra; Restatement, 2d, Torts, §660; Prosser, Law of Torts (4th Ed. 1971), 838-41. Dispo-

sition of the criminal proceeding for any of these reasons obviously is not necessarily indicative of the nonculpability of the accused.

Since the disposition of the charges in the instant case is not directly covered by any of the aforementioned examples, we must analyze section 312 of the Crimes Code, 18 Pa.C.S.A. §312, to determine whether or not disposition thereunder is indicative of or consistent with the innocence of the accused.

Section 312 provides as follows:

"(a) General Rule—The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:

"(1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

"(2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

"(3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

"(b) Written Statement—The court shall not dismiss a prosecution under paragraph (a)(3) of this section without filing a written statement of its reasons."

The parties have stipulated that in the proceedings before Judge Toal on February 10, 1976, no testimony was presented by either the Commonwealth or the defense and that the case was dis-

missed as de minimis by the court without argument by either counsel for the Commonwealth or counsel for defendants. Under these circumstances, it is impossible to determine under which provision of section 312 the court acted in dismissing the charges. We can assume that the court did not dismiss the prosecution under paragraph (a)(3) because having done so the court would have been required to file a written statement of its reasons pursuant to paragraph (b). This was not done. We must now, therefore, consider paragraphs (a)(1) and (a)(2) of section 312 to determine whether dismissal under either of these paragraphs would constitute a termination which was not favorable to the accused because, if such is the case, plaintiffs had not met their burden of proof.

A review of paragraph (a)(1) indicates that a dismissal under this paragraph is essentially a finding by the court that no crime had been committed, i.e., that defendants' conduct was customarily acceptable or was not inconsistent with the purpose of the law. This being the case, a dismissal under this paragraph would be indicative of and consistent with the innocence of the accused and would, therefore, constitute a termination favorable to the accused.

A review of (a)(2) leads to a different conclusion. Paragraph (a)(2) provides, inter alia, that if the conduct of the accused was too trivial to warrant the condemnation of conviction then the charges may be dismissed. This does not mean that the accused did not do what he is accused of doing but only that the matter is not of sufficient gravity to justify the court's consideration. A disposition under these circumstances could hardly be considered indicative of or consistent with the innocence

of defendants. It would seem to be more akin to the case where the accused has accepted mercy from the prosecutor or the withdrawal of the prosecution by agreement or compromise with the accused. We, therefore, conclude that a dismissal of charges under this paragraph would not constitute a termination favorable to plaintiff John Morrison. This being the case, that plaintiff has not met his burden of proof on each and every element of this malicious prosecution claim. Plaintiff having produced no evidence concerning the basis upon which the criminal charges against him were terminated, except proof that they had been dismissed as de minimis under section 312 of the Crimes Code, generally, this court must grant defendants' motion for judgment n.o.v.

## ORDER

And now, February 5, 1979, it is ordered and decreed that the motion for judgment n.o.v. filed by defendant Teresa Duddy is hereby granted.