## Robinson v. Robinson

*Jerome Lipman,* for plaintiff.
*Michael R. Needle,* for defendant.

GAFNI, *J.,* November 29, 1982—This matter involves a petition for reconsideration of an order which sustained preliminary objections to plaintiff's complaint. The facts, as disclosed by the pleadings and documents are briefly summarized.

Plaintiff, Phillip B. Robinson (Phillip) and defendant, Sandra Robinson (Sandra) were married on October 19, 1958. Their marriage was dissolved on November 14, 1977, by a judgment entered in the Superior Court of New Jersey. The decree in divorce incorporated an agreement, dated July 7, 1977, between Phillip and Sandra regarding support and the disposition of certain property.

Sandra instituted two law suits in May, 1981. She commenced an action against Phillip in the Superior Court of New Jersey seeking, inter alia, to set aside their prior settlement agreement alleging

fraud and failure to equitably distribute their property (the New Jersey action). In addition, Sandra instituted an action against Phillip in the United States District Court for the Eastern District of Pennsylvania, alleging, with some degree of specificity, that Phillip engaged in tortious conduct including (Count I) burglary of Sandra's home and theft of documents; (Count II) breach of the settlement agreement; (Count III) breach of fiduciary duty; (Count IV) fraud, deceit and extortion; and (Count V) intentional infliction of emotional distress (the federal action).

On August 3, 1981, the Honorable Edward N. Cahn dismissed the contract claims alleged in Counts II and III and that part of Count IV dealing with fraud and deceit on the ground that the federal court lacked subject matter jurisdiction to reform the settlement agreement and should decline jurisdiction over suits involving domestic relations. The court dismissed these claims without prejudice to Sandra's right to raise the allegations in the New Jersey equity action. Judge Cahn denied Phillip's motion to dismiss Count I relating to the tort claims of theft, burglary, Count IV relating to extortion, and Count V relating to intentional infliction of emotional distress.

On November 9, 1981, however, Judge Cahn granted Sandra's motion for a voluntary non-suit as to the remaining tort claims pursuant to F.R.C.P. 41. Although Judge Cahn observed that "these particular counts are somewhat extraneous to the main thrust of (Sandra's) case," he dismissed these tort claims without prejudice to Sandra's right to renew the claims in the context of the New Jersey action or as a counterclaim to any action which Phillip might bring against her.

Phillip, thereafter, commenced the instant action against Sandra, and her attorneys, Steve Kramer, Esq., and Robert J. Vedatsky, Esq., (the defendants), alleging, inter alia, that commencing the federal action constituted wrongful use of civil proceedings pursuant to 42 Pa.C.S.A. §8351 (Purdon's Pamphlet 1982). Defendants filed preliminary objections, in the nature of a demurrer, to Counts I and II of Phillip's complaint. This court entered an order on January 29, 1982, dismissing (a) Phillip's claim for conspiracy and malicious prosecution, and (b) the claim for conspiracy and abuse of process.* Phillip thereafter filed a petition for reconsideration of the January order. Oral argument was heard on this matter and each party filed supplemental briefs.

The preliminary objections involve whether Phillip may maintain a cause of action pursuant to 42 Pa.C.S.A. §8351, which provides:

§8351. Wrongful use of civil proceedings.

(a) Elements of action.—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought. . .

---

*The January order also granted plaintiff 20 days to file an amended complaint in view of defendants' preliminary objections that the other causes of action alleged were misjoined.

Without considering whether the defendants instituted the federal suit in a grossly negligent manner or without probable cause, to state a cause of action for wrongful use of civil proceedings. Phillip must prove that the federal action terminated in his favor. 42 Pa.C.S.A. § 8351(a)(2). U.S. ex rel Sacks v. Philadelphia Health Management Corp., 519 F. Supp. 818 (E.D. Pa. 1981).

Decisions rendered prior to the enactment of Section 8351 reflect that the termination of the original action need not be on the merits but the judgment must be "consistent with the innocence of the accused." Woodyatt v. Bank of Old York Road, 408 Pa. 257, 182 A.2d 500 (1962) (criminal charges withdrawn by the prosecutor); Mayer v. Walter, 64 Pa. 283 (1870) (abuse of process actionable notwithstanding failure to establish prior termination).

Comment (a) to the Restatement (Second) of Torts § 660 retains this common law rule. When the underlying proceeding is terminated short of a determination on the merits, an action for malicious prosecution may be brought if the final disposition is consistent with "the innocence of the accused." Id.

Other cases suggest that plaintiff has the burden of pleading and proving that the original action "finally ended in failure." Public Drug Co. v. Breyer Ice Cream, 347 Pa. 346, 349, 32 A.2d 413 (1943). A termination which is "indecisive" will not support a malicious prosecution claim. Davis v. Chub/Pacific Indemnity Group, 493 F.Supp. 89, 91 (1980).

Pursuant to Section 8351 of the Judicial Code, the legislature established a statutory guideline for causes of action concerning abuse of process and malicious prosecution. An essential element of a cause of action is that "the proceedings have ter-

minated in favor of the person against whom they are brought." 42 Pa.C.S.A. §8351(a)(2). Section 8351, in effect, incorporates the Restatement (Second) standard that the termination be consistent with the innocence of the accused, when a final judgment of the merits is not reached.

This court is satisfied that the allowance of the voluntary non-suit by Judge Cahn neither constituted a judgment in favor of Phillip, nor represented a termination of the federal court action consistent with his innocence. A review of the hearing on the request for a voluntary non-suit demonstrates that Phillip's attorneys wanted to preclude Sandra from alleging her claims in another proceeding. F.R.C.P. 41(a)(2) empowered Judge Cahn to dismiss the claims with prejudice. Judge Cahn ruled, however, that the claims were dismissed *without prejudice* to renewing them in the New Jersey action or as a counterclaim in any suit Phillip might later commence.

The effect of a dismissal pursuant to F.R.C.P. 41(a)(2) has been described as a judgment which lacks the element of finality essential to the application of collateral estoppel. In re Piper Aircraft Distribution System Antitrust Litigation, 551 F.2d 213 (8th Cir. 1977). Subsequent to voluntary dismissal, the parties are left in a position as if the action had never been brought. Braxton v. Virginia Folding Box Co., 72 F.R.C. 124 (D.C. Va. 1976).

The dismissal without prejudice is not consistent or inconsistent with Phillip's guilt. Indeed, the federal court's specific refusal to dismiss the claims with prejudice relects that these claims have not been determined and are subject to further adjudication in an appropriate forum. The instant action, therefore, is premature, pending final resolution of the claims in the New Jersey action. See U.S. v.

Philadelphia Health Management, 519 F. Supp. 818, 825 n. 8 (E.D. Pa. 1981).

Phillip maintains, however, that his former wife did not thereafter amend the complaint in the New Jersey action to include the more damaging allegations of intimidation through rape and assault. The pleadings in the New Jersey action, however, contain at least one allegation of assault (First Amended Complaint, paragraph 8). More importantly, Sandra's decision not to amend her complaint to include these allegations could be attributed to financial, tactical, and/or psychological reasons, and not reflect her acknowledgment that her claims were totally without merit. Otherwise stated, the failure to amend the complaint does not bear upon whether the termination in the federal court proceeding was in favor of Phillip.

In summary, this court concludes that the dismissal without prejudice in the federal court did not constitute a termination in favor of Phillip, which is a prerequisite for the bringing of an action for wrongful use of civil proceedings pursuant to Section 8351 of the Judicial Code. Accordingly, the petition for reconsideration is denied, and this court will reinstate its prior order dismissing the conspiracy, abuse of process and malicious prosecution claims and granting plaintiff the right to amend his complaint to allege separate causes of action for defamation and conversion.